■ MARK III ASSOCIATES, INC., Respondent, v HEC ENGINEERING COMPANY, LTD., Formerly Known as HAMAI ELECTRONICS COMPANY, LTD., Appellant.—Order unanimously reversed on the law without costs, defendant's motion to vacate default judgment granted and defendant's motion to dismiss denied, all in accordance with the following memorandum: Defendant contends that Special Term erred in denying its motions to vacate plaintiff's default judgment and dismiss the complaint. Plaintiff effectuated service on defendant pursuant to Business Corporation Law § 307 by serving the Secretary of State with the summons and complaint, and by sending notice of this service and a copy of the pleadings by registered mail to defendant's last known address in Tokyo, Japan (see, Rissew v Yamaha Motor Co., 129 AD2d 94). When this letter was refused, plaintiff sent another copy of the notice and pleadings by ordinary mail. Defendant asserted as the reasonable excuse for its default that it had moved its business offices prior to this service, and that it did not receive notice of the action until plaintiff had executed on the judgment. Defendant further contends that it is an improper party defendant. In this regard, it asserts that it is neither a successor corporation nor responsible for the liabilities of Hamai Electronics Company, which allegedly breached its contract with plaintiff. Plaintiff, in response, provides evidence based on HEC's correspondence and sales literature that there is some relationship between defendant and Hamai. Because defendant provided a reasonable excuse for its default and a potentially meritorious defense that raises substantial issues of fact, it was an improvident exercise of discretion to deny defendant's motion to vacate its default (see, e.g., Anolick v Travelers Ins. Co., 63 AD2d 665, 666). Defendant's motion is therefore granted upon the conditions that the judgment stand as security, and that the $63,467.89 presently on deposit with the County Clerk of the County of Onondaga pursuant to a stipulation between the parties remain on deposit pending a final determination in this case (see, CPLR 5015 [a]; Rooney Pace, Inc. v Braverman, 74 AD2d 555).

Defendant further contends that the complaint should be dismissed for lack of jurisdiction. On the record before us, we are unable to determine whether defendant's nondomiciliary

corporation is subject to the jurisdiction of the courts of this State pursuant to CPLR 301 and 302 (a) (1). In this regard, further discovery is necessary to determine whether defendant conducted systematic, purposeful and continuing activities in New York *(see,* CPLR 301; *Laufer v Ostrow,* 55 NY2d 305) or transacted any business within the State (CPLR 302 [a] [1]). Defendant's motion to dismiss is therefore denied without prejudice. Further, plaintiff's alleged service on defendant's director is irrelevant on this appeal because this service was effected after entry of the default judgment. (Appeal from order of Supreme Court, Onondaga County, Miller, J.—dismiss complaint; vacate default.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.