■ RUTH D. THOMPSON, Respondent, v STANLEY COHEN et al., Doing Business as STOCKADE ASSOCIATES, Appellants.—Levine, J. Appeal from an order of the Supreme Court (Lynch, J.), entered May 22, 1989 in Schenectady County, which denied defendants' motion to dismiss the complaint.

In July 1985, plaintiff allegedly fell on the sidewalk in front of defendants' property in the City of Schenectady, Schenectady County. This action was commenced by service of a summons with notice upon defendants in September 1985. Thereafter, defendants' insurance carrier began corresponding with plaintiff's attorney regarding the matter. In a letter dated October 11, 1985, the carrier confirmed that plaintiff's attorney had agreed to "an indefinite extension to file an answer". Communications and the exchange of medical reports concerning plaintiff continued until November 1987 when the carrier denied liability and requested copies of the summons, complaint and affidavit of service and a further extension of time to submit an answer. Plaintiff submitted the complaint to the insurance carrier on October 26, 1988. One month later defendants moved to dismiss the complaint based upon plaintiff's failure to take proceedings for the entry of a judgment within one year of defendants' default (see, CPLR 3215 [c]). Supreme Court denied the motion and this appeal by defendants ensued.

In order to avoid dismissal of an action as abandoned where a default has occurred and the plaintiff has failed to seek a judgment within one year after the default, the plaintiff must demonstrate a reasonable excuse for the delay and that the cause of action has merit *(Manago v Giorlando,* 143 AD2d 646, 647; *Woodward v City of New York,* 119 AD2d 749, 750). Defendants contend that Supreme Court erred in denying their motion to dismiss since plaintiff failed to satisfy either requirement.

Plaintiff contends that she offered a reasonable excuse for the delay by demonstrating that there were ongoing settlement negotiations between her attorney and defendants' insurance carrier during the one-year period after the default. In addition, plaintiff correctly contends that she was effectively precluded from seeking a default judgment within the statutory period by her acceptance of defendants' request for an indefinite extension of time to answer *(see, Manago v Giorlando, supra).* Based on the foregoing and on plaintiff's uncontested affidavit of merit. Supreme Court properly denied defendants' motion to dismiss.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.