■ MICHAEL MICHELI, Individually and as a Partner and/or Shareholder in MICHELI CONTRACTING CORPORATION, et al., Respondent, v E.J. BUILDERS, INC., et al., Appellants. [702 NYS2d 402] —Crew III, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered April 28, 1999 in Rensselaer County, which denied defendants' motion to dismiss the complaint as abandoned and granted plaintiff's cross motion for an extension of time to serve a supplemental summons and amended complaint.

Plaintiff commenced this action in October 1993 against, among others, his brothers, defendants Elio Micheli and Joseph Micheli, alleging, inter alia, that they had wrongfully diverted funds properly belonging to certain family-owned businesses for the purpose of financing new business endeavors. The parties apparently agreed, pending certain disclosure and then-anticipated settlement negotiations, that defendants would have an open-ended extension of time within which to serve responsive pleadings. Shortly thereafter, in November 1993, plaintiff sought to disqualify defendants' counsel and defendants moved to dismiss 11 of plaintiff's 15 causes of action. Following conferences before Supreme Court (Spain, J.) in June 1994 and December 1994, the parties agreed to hold all mo-

tions in abeyance pending voluntary disclosure and settlement negotiations.

Thereafter, in September 1995, Supreme Court (Ceresia, Jr., J.) dismissed 11 of the 15 causes of action set forth in plaintiff's complaint without prejudice to plaintiff's right to serve a supplemental summons and amended complaint as to the dismissed causes of action. According to counsel for defendants, no answer was served as to the remaining causes of action based upon the parties' prior agreement to hold all motions and the like in abeyance pending further informal discovery and settlement negotiations. By letter dated October 10, 1995, counsel for plaintiff advised Supreme Court that he was preparing a supplemental summons and amended complaint, which he anticipated would be served within the next 30 days or so. In anticipation of the amended complaint, defendants again deferred service of their answer to the original complaint. When the amended complaint was not forthcoming, counsel for defendants inquired as to plaintiff's intentions in this regard, requesting that the amended complaint be forwarded to defendants or, alternatively, that plaintiff advise defendants of his intention not to do so, thereby permitting defendants to prepare an answer to the original complaint. Apparently, no response from plaintiff was forthcoming.

Thereafter, in January 1996, Supreme Court decided certain of plaintiff's pending motions and, in July 1996, granted plaintiff's motion to disqualify defendants' law firm. On appeal, this Court reversed and remitted the matter to Supreme Court for a plenary hearing (241 AD2d 610). That hearing, originally scheduled for September 1997, was rescheduled for October 1997, at which time plaintiff orally withdrew the disqualification motion. In the interim, defendants apparently responded to certain subpoenas issued by plaintiff and the parties engaged in some form of discovery.

Shortly before a scheduled conference before Supreme Court in September 1998, plaintiff served the supplemental summons and amended complaint, which counsel for defendants returned as untimely. Defendants thereafter moved to dismiss the original complaint as abandoned and plaintiffs cross-moved for, *inter alia*, a default judgment based upon defendants' failure to answer the amended complaint. Supreme Court denied defendants' motion and that portion of plaintiff's motion seeking a default judgment, concluding, *inter alia*, that plaintiff had not abandoned the underlying action. This appeal by defendants ensued.

We affirm. Defendants' theory on appeal is that despite the

parties' prior agreement to hold certain aspects of this litigation in abeyance pending discovery and settlement negotiations, both of which apparently continued throughout the five (now six) years that this action has been pending, they are in default for failing to answer the original complaint. As plaintiff failed to move for a default judgment within one year of such default, defendants' argument continues, they are entitled to have the original complaint dismissed as abandoned (*see*, CPLR 3215 [c]). Plaintiff, on the other hand, contends that defendants' motion to dismiss the original complaint is a nullity in view of the subsequent filing of the amended complaint and, in any event, that defendants are not entitled to dismissal under CPLR 3215 (c). Specifically, plaintiff asserts that defendants are not in default because plaintiff did not serve defendants with notice of entry of the September 1995 order dismissing 11 of plaintiff's 15 causes of action and, hence, defendants' obligation to file a responsive pleading was never triggered (*see*, CPLR 3211 [f]). Alternatively, plaintiff argues that he met his burden of showing "sufficient cause" why the complaint should not be dismissed (*see*, CPLR 3215 [c]). In response, defendants assert that, as the prevailing parties, they bore the obligation of serving notice of entry of the order at issue and, in any event, that plaintiff has failed to show sufficient cause to avoid dismissal.

In our view, the procedural arguments raised by the parties, while interesting, need not detain us. Assuming, without deciding, that defendants indeed are in default for failing to answer the original complaint, we nonetheless are persuaded that they are not entitled to dismissal under CPLR 3215 (c). As Supreme Court correctly noted, a plaintiff seeking to avoid dismissal under CPLR 3215 (c) "must demonstrate a reasonable excuse for the delay and that the cause of action has merit" (*Thompson v Cohen*, 160 AD2d 1157, 1158). In our view, the affidavit submitted by plaintiff is sufficient to establish the existence of a meritorious claim. As to the "reasonable excuse" prong, we find, given the particular facts of this case, that plaintiff has demonstrated sufficient cause for the underlying delay.

The record makes plain that the parties desired to settle this litigation from the outset and, to that end, adopted a rather informal approach to the prosecution and defense of this action, which both sides apparently were content to abide by until such time as it became advantageous to alter their respective positions. Thus, while the discovery conducted indeed may have been informal and the settlement negotiations entered into ultimately were unproductive, the record, which

documents the appeal and the various motions, negotiations and conferences undertaken in this matter, simply does not support a finding that plaintiff abandoned this action. Similarly, to the extent that defendants contend that Supreme Court erred in granting plaintiff's cross motion for an extension of time to serve a supplemental summons and amended complaint, we find this argument to be lacking in merit.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.