■ OCUTO BLACKTOP & PAVING CO., INC., Respondent, v TRATAROS CONSTRUCTION, INC., Individually and Doing Business as TRATAROS/BASIL, Appellant. (Appeal No. 1.) [715 NYS2d 565] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action in April 1994 seeking payment for goods and services provided to defendant in connection with a construction project at Griffiss Air Force Base. Before answering, defendant moved to compel arbitration, but that motion was withdrawn and the parties attempted to negotiate a settlement from 1994 until at least 1998. In June 1999 plaintiff's attorney informed defendant's attorney that he had been instructed by plaintiff to proceed with the litigation and demanded an answer by August 1, 1999. No answer was served.

Plaintiff moved for a default judgment, contending that the default occurred on August 1, 1999. Defendant cross-moved for dismissal of the complaint, alleging, *inter alia*, that the default occurred in May 1994 and that plaintiff had abandoned the action under CPLR 3215 (c). In the alternative, defendant sought leave to serve a proposed answer. In granting plaintiff's motion and denying defendant's cross motion, Supreme Court determined that the default had occurred on August 1, 1999, that defendant had not shown a meritorious defense, and that proper service of the motion for a default judgment had been made. The court erred in granting plaintiff's motion.

The default occurred in 1999 only if there was a stipulation extending defendant's time to answer. Defendant denies that there was any such stipulation, and plaintiff concedes that there was no stipulation that complies with the requirements of CPLR 2104. Plaintiff contends, however, that defendant is estopped from denying the existence of a stipulation to extend the time to answer, upon which plaintiff relied to its detriment, because the parties engaged in discovery for years (*see generally, La Marque v North Shore Univ. Hosp.,* 120 AD2d 572, 572-573; *cf., Rhulen Agency v Gramercy Brokerage,* 106 AD2d 725, 727-728). Even assuming, arguendo, that there was no stipulation, and that the default occurred in 1994, we conclude that the court nevertheless properly denied defendant's cross motion seeking dismissal of the complaint pursuant to CPLR 3215 (c). By submitting evidence of the parties' ongoing negotiations, plaintiff established that it had not abandoned the action (*see, Micheli v E.J. Bldrs.,* 268 AD2d 777, 779-780; *see also, Corbin v Wood Pro Installers,* 184 AD2d 234).

We agree with defendant, however, that the court erred in granting plaintiff's motion for a default judgment. A default judgment may not be granted against a nonappearing corporation without proof of compliance with the additional service requirements of CPLR 3215 (g) (4) (i) (CPLR 3215 [former (f) (4) (i)]; *see, Rafa Enters. v Pigand Mgt. Corp.,* 184 AD2d 329, 330). That service was not made here. Thus, we modify the order and judgment by denying plaintiff's motion and granting defendant's cross motion insofar as it alternatively sought leave to serve a proposed answer, on conditions that defendant serve an answer within 20 days of service of a copy of the order of this Court with notice of entry, that the judgment stand as security and that defendant post a bond in the amount of $28,625.17 pending the final disposition of this action (*see, Mark III Assocs. v HEC Eng'g Co.,* 148 AD2d 990; *Rooney Pace, Inc. v Braverman,* 74 AD2d 555). (Appeal from Order and Judgment of Supreme Court, Oneida County, Shaheen, J.—Default Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.