■ MICHAEL E. SCHILLING et al., Respondents, v MAREN ENTERPRISES, INC., et al., Appellants. [754 NYS2d 564] —In an ac-

tion, inter alia, to recover damages for breach of contract, the defendants, Maren Enterprises, Inc., and Steven L. Bidnick, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered April 11, 2002, as granted the plaintiffs' motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendant Maren Enterprises, Inc., upon its default in answering.

Ordered that the appeal by the defendant Steven L. Bidnick is dismissed, without costs or disbursements, as that defendant is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Maren Enterprises, Inc., on the law, and the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

To obtain a default judgment against a corporation which has been served with process pursuant to Business Corporation Law § 306, a plaintiff must mail an additional copy of the summons and complaint to the corporation "at its last known address at least twenty days before the entry of judgment" (CPLR 3215 [g] [4] [i]). Furthermore, the plaintiff's application for a default judgment must be accompanied by an affidavit attesting to the satisfaction of this additional mailing requirement (*see* CPLR 3215 [g] [4] [i]). Since the plaintiffs failed to submit any proof of their compliance with CPLR 3215 (g) (4) (i), their application for leave to enter a default judgment on the issue of liability against the defendant Maren Enterprises, Inc., was defective, and should not have been granted (*see Ocuto Blacktop & Paving Co. v Trataros Constr.,* 277 AD2d 919; *Rafa Enters. v Pigand Mgt. Corp.,* 184 AD2d 329). Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.