■ ADMIRAL INSURANCE COMPANY et al., Appellants, v MARRIOTT INTERNATIONAL, INC., et al., Respondents, et al., Defendants. [887 NYS2d 849]—

Order, Supreme Court, New York County (Louis B. York, J.), entered August 18, 2008, which, insofar as appealed from, denied plaintiffs' motion for a default judgment against defendants-respondents, unanimously affirmed, with costs.

With respect to defendants Marriott International, Inc. and Execustay Corporation, both purportedly served pursuant to Business Corporation Law § 306, plaintiffs' motion for a default judgment was properly denied for lack of proof of compliance with CPLR 3215 (g) (4) (i) (see Rafa Enters. v Pigand Mgt. Corp., 184 AD2d 329 [1st Dept 1992]; accord Ocuto Blacktop & Paving Co. v Trataros Constr., 277 AD2d 919 [4th Dept 2000]; Schilling v Maren Enters., 302 AD2d 375, 376 [2d Dept 2003]). With respect to defendant Marriott Execustay, purportedly served pursuant to Business Corporation Law § 307, plaintiff's motion for a default judgment was properly denied for lack of evidence rebutting defendants' assertion that Marriott Execustay is not a legal entity capable of being sued but a trademark registered to Marriott International, Inc. (cf. Stewart v Volkswagen of Am., 81 NY2d 203, 207 [1993] [once questioned, burden of proving juris-

diction is on plaintiff]). We have considered plaintiffs' other arguments and find them unavailing.

Motion seeking to consolidate appeals denied. Concur— Gonzalez, P.J., Saxe, McGuire, Acosta and Roman, JJ. **[Prior Case History: 20 Misc 3d 1136(A), 2008 NY Slip Op 51765(U).]**