■ CITIMORTGAGE, INC., Respondent, v AARON KLEIN, Appellant, et al., Defendants. [33 NYS3d 432]—

In an action to foreclose a mortgage, the defendant Aaron Klein appeals from (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated May 23, 2014, (2) an order of the same court, also dated May 23, 2014, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and (3) a judgment of

foreclosure and sale of the same court, dated March 2, 2015, which, upon the orders, among other things, directed the sale of the subject premises. By decision and order on motion dated August 14, 2015, this Court, on its own motion, deemed the notice of appeal from the orders also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]; *Citibank v Pierre*, 213 AD2d 443 [1995]).

Motion by the respondent to dismiss the appeals from the orders, on the ground that the right of direct appeal therefrom terminated upon the entry of the judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated August 14, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted; and it is further,

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

The appellant's sole contention on appeal is that the plaintiff failed to prove its standing to commence this foreclosure action. Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Bank of N.Y. Mellon v Visconti*, 136 AD3d 950 [2016]; *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). In this case, the plaintiff established, prima facie, that

it had standing to commence this foreclosure action by submitting the affidavit of its bank officer, who averred that she reviewed the summons and complaint with affidavits of service and the note, which was endorsed in blank by the original lender and purchased by the plaintiff in 2009 prior to the default in payment, and that the plaintiff was the holder of the note at the time of the commencement of the action (*see Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898 [2016]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]). In opposition, the appellant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.