■ U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2004-21HE, Asset-Backed Certificates, Series 2004-21HE, Appellant, v Nechama Chanin et al., Respondents, et al., Defendants. [41 NYS3d 431]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 4, 2014, which granted the motion of the defendants Nechama Chanin and Zalman Chanin pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them on the ground that the plaintiff lacked standing.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Nechama Chanin and Zalman Chanin pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them is denied.

"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016], citing *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *see HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1221 [2016]; *Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099, 1099-1100 [2015]).

Here, the defendants Nechama Chanin and Zalman Chanin (hereinafter together the defendants) failed to demonstrate, as a matter of law, that they were entitled to the dismissal of the amended complaint insofar as asserted against them on the ground that the plaintiff lacked standing (*see J.P. Morgan Chase Bank, N.A. v Coleman*, 119 AD3d 841, 842 [2014]; *cf. Citimortgage, Inc. v Klein*, 140 AD3d 913, 914-915 [2016]; *Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898, 899 [2016]).

The defendants' remaining contention is improperly raised for the first time on appeal.

Accordingly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them.

The appellant's remaining contention need not be reached in light of our determination. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.