■ BANK OF NEW YORK, as Trustee for the Benefit of the CERTIFICATE HOLDERS, CWABS INC., ASSET-BACKED CERTIFICATES SERIES 2007-5ES, SERIES 2007-5 400 COUNTRY WAY, SIMI VALLEY, CA 93065, Respondent, v JULIET WILLIS et al., Appellants, et al., Defendants. [55 NYS3d 63]—

In an action to foreclose a mortgage, the defendants Juliet Willis and Premier Real Estate Co., LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated February 25, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Juliet Willis, leave to enter a default judgment against the defendant Premier Real Estate Co., LLC, and an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Juliet Willis, leave to enter a default judgment against the defendant Premier Real Estate Co., LLC, and an order of reference are denied.

Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Citimortgage, Inc. v Klein*, 140 AD3d 913, 914 [2016]; *Bank of N.Y. Mellon v Visconti*, 136 AD3d 950, 950 [2016]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207-209 [2009]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362).

Here, the plaintiff attempted to establish its standing by submitting the affidavit of Kelly Thompson, an Assistant V.P., Operations Team Manager, at Bank of America, N.A. (hereinafter BANA), the servicer of the defendant Juliet Willis's loan on behalf of the plaintiff. Thompson averred, in relevant part, that her affidavit was based upon her review of BANA's business records, and that upon review of such records, the note was physically transferred to the plaintiff "in or about March 2007." The plaintiff failed to demonstrate that the records relied upon by Thompson were admissible under the business records exception to the hearsay rule (*see* CPLR 4518 [a]) because Thompson, an employee of BANA, did not attest that

she was personally familiar with the plaintiff's recordkeeping practices and procedures (*see Arch Bay Holdings, LLC v Albanese*, 146 AD3d 849 [2017]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2016]).

Because the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law on the issue of standing, we need not consider the sufficiency of Willis's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Premier Real Estate Co., LLC (hereinafter Premier). To obtain a default judgment against a corporation which has been served with process pursuant to Business Corporation Law § 306, a plaintiff must mail an additional copy of the summons and complaint on the corporation "at its last known address at least twenty days before the entry of judgment" (CPLR 3215 [g] [4] [i]). Here, the plaintiff's process server's affidavit of service indicated that the additional mailing pursuant to CPLR 3215 (g) (4) (i) was made to the wrong address, and, therefore, was not sufficient to show compliance with CPLR 3215 (g) (4) (i) (*see Bunch v Dollar Budget, Inc.*, 12 AD3d 391, 391-392 [2004]; *Schilling v Maren Enters.*, 302 AD2d 375, 376 [2003]; *Ocuto Blacktop & Paving Co. v Trataros Constr.*, 277 AD2d 919, 920 [2000]; *Rafa Enters. v Pigand Mgt. Corp.*, 184 AD2d 329 [1992]).

The parties' remaining contentions are either without merit, improperly raised for the first time on appeal, or academic in light of our determination. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.