■ BURLINGTON INSURANCE COMPANY, Appellant, v AISYRK CO., INC., et al., Defendants. [61 NYS3d 89]—

In an action pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated June 30, 2016, which denied its motion for leave to enter a default judgment against the defendants.

Ordered that the order is affirmed, without costs or disbursements.

In October 2015, the plaintiff commenced this action against the defendants alleging that the defendant Aisyrk Co., Inc. (hereinafter Aisyrk), was a successor corporation to Excel II Construction Corporation (hereinafter Excel), which had failed to make payments due under insurance policies issued by the plaintiff. The complaint further alleged that the defendant Bogdan Reczko was the chief executive officer and the sole shareholder of both corporations, and that Reczko had fraudulently transferred assets from Excel to Aisyrk in order to avoid Excel's contractual obligations and other liabilities. One of Excel's alleged liabilities was a judgment entered in the Supreme Court, Kings County, on April 11, 2014, in favor of the plaintiff and against Excel in the sum of $118,198.06, for Excel's nonpayment of sums due under the insurance policies.

According to an affidavit of service sworn to on November 4, 2015, Aisyrk was served with process in this action pursuant to Business Corporation Law § 306. A separate affidavit of service sworn to on December 22, 2015, indicated that Reczko was served at his residence in New Jersey by delivery of the summons and complaint to a person of suitable age and discretion and by the subsequent mailing of the summons and complaint to his New Jersey residence. After the defendants failed to appear in the action or answer the complaint, the plaintiff moved for leave to enter a default judgment against them in the

amount of the prior judgment, together with interest, costs, and disbursements. The Supreme Court denied the motion.

Although the plaintiff demonstrated that Aisyrk was *duly* served with process pursuant to Business Corporation Law § 306 and that Reczko was duly served pursuant to CPLR 308 (2) and 313, the Supreme Court properly denied its motion for leave to enter a default judgment against them. In support of its motion, the plaintiff failed to submit the statutorily required proof of compliance with CPLR 3215 (g) (4) (i) as to Aisyrk (*see Bank of N.Y. v Willis*, 150 AD3d 652 [2017]; *Bunch v Dollar Budget, Inc.*, 12 AD3d 391 [2004]; *Schilling v Maren Enters.*, 302 AD2d 375 [2003]). Moreover, although the plaintiff asserts that an additional copy of the summons was mailed to Reczko, it failed to submit the statutorily required proof of compliance with CPLR 3215 (g) (3) (i) as to Reczko (*see Bono v DuBois*, 121 AD3d 932 [2014]).

The plaintiff's remaining contention need not be reached in light of our determination. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.