In an action to foreclose a mortgage, the defendants Gregg E. Cutler and Mirela S. Cutler, also known as Mirela Cutler, appeal (1) from a decision of the Supreme Court, Nassau County (Adams, J.), dated July 18, 2014, and (2), as limited by their brief, from so much of an order of the same court entered January 2, 2015, as, upon the decision, granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them and for the appointment of a referee to facilitate the sale of the subject property, and denied their cross motion to compel further discovery.
 

 Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
 

 Ordered that the order is reversed insofar as appealed from, on the law, those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against the appellants and for the appointment of a referee to facilitate the sale of the subject property are denied, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the appellants’ cross motion to compel further discovery; and it is further,
 

 Ordered that one bill of costs is awarded to the appellants.
 

 The plaintiff commenced this mortgage foreclosure action following the default of the defendants Gregg E. Cutler and Mirela S. Cutler, also known as Mirela Cutler (hereinafter together the defendants), on a note executed by them in the principal amount of $372,000 and issued in favor of Countrywide Home Loans, Inc., the plaintiff’s predecessor in interest. The defendants asserted, inter alia, the defense of lack of standing in their answer. The parties engaged in pretrial disclosure, and the plaintiff subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for the appointment of a referee to facilitate the sale of the property mortgaged by the defendants as security for the debt. The defendants opposed the motion, inter alia, on the ground that the plaintiff lacked standing to maintain the action, and cross-moved to compel further discovery. The Supreme Court granted those branches of the plaintiff’s motion and, apparently in light of that determination, denied the defendants’ cross motion. The defendants appeal.
 

 Where, as here, a plaintiff’s standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Bank of N.Y. v Willis, 150 AD3d 652, 652 [2017]; Citimortgage, Inc. v Klein, 140 AD3d 913, 914 [2016]; Bank of N.Y. Mellon v Visconti, 136 AD3d 950, 950 [2016]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]; Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 207-209 [2009]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident” (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
 

 Here, the plaintiff attempted to establish its standing by submitting the affidavit of Katherine Cacho, a vice president at Bank of America, N.A., which serviced the defendants’ loan on behalf of the plaintiff. Cacho averred, in relevant part, that her affidavit was based upon her review of unspecified records indicating that the note was physically transferred to the plaintiff on August 16, 2007. The plaintiff failed to demonstrate that the records relied upon by Cacho were admissible under the business records exception to the hearsay rule (see CPLR 4518 [a]) because Cacho did not attest that she was personally familiar with the plaintiff’s record-keeping practices and procedures (see Bank of N.Y. v Willis, 150 AD3d at 652; Arch Bay Holdings, LLC v Alhanese, 146 AD3d 849 [2017]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685 [2016]; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652 [2016]).
 

 Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the issue of standing, we need not consider the sufficiency of the defendants’ opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 Inasmuch as the Supreme Court’s denial of the defendants’ cross motion to compel further discovery appears to have been premised on its granting of the plaintiff’s motion for summary judgment, we remit the matter to that court for a new determination of the cross motion.
 

 In view of the foregoing, we need not reach the parties’ remaining contentions.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.