JPMorgan Chase Bank, N.A. v Jeffrey Novis (2018 NY Slip Op 00281)





JPMorgan Chase Bank, N.A. v Jeffrey Novis


2018 NY Slip Op 00281


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2016-01254
 (Index No. 11781/11)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Jeffrey Novis, appellant, et al., defendants.


Jay A. Press, P.C., Plainview, NY (Ray E. Shain of counsel), for appellant.
Jeffrey A. Kosterich, LLC, Tuckahoe, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 12, 2015. The order granted the motion of Wilmington Savings Fund Society, FSB, which was for leave to renew and reargue its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Jeffrey Novis and to be substituted as plaintiff in this action, which motion had been denied in a prior order dated June 3, 2015, and, upon renewal and reargument, vacated the prior order and granted the prior motion.
ORDERED that the order entered November 12, 2015, is reversed, on the facts and in the exercise of discretion, with costs, the motion of Wilmington Savings Fund Society, FSB, which was for leave to renew and reargue its prior motion is denied, and the order dated June 3, 2015, is reinstated.
In September 2007, the defendant Jeffrey Novis (hereinafter the defendant) executed, in favor of the plaintiff, a promissory note in the amount of $772,000, and a mortgage on certain real property located in Woodbury. In August 2011, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant.
After the defendant filed an answer, which raised lack of standing as an affirmative defense, nonparty Wilmington Savings Fund Society, FSB (hereinafter Wilmington), moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to be substituted as the plaintiff in this action. The Supreme Court denied Wilmington's motion. Thereafter, Wilmington moved for leave to renew and reargue its motion. The court granted the motion for leave to renew and reargue, and thereupon vacated the order dated June 3, 2015, and granted Wilmington's prior motion. The defendant appeals.
A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination and must contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (see Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). Renewal "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020; see Fardin v 61st Woodside Assoc., 125 AD3d 593).
Here, the Supreme Court should have denied that branch of Wilmington's motion which was for leave to renew. The new materials that Wilmington relied upon were available to it prior to the date on which it filed its motion. Yet, Wilmington failed to set forth a reasonable justification for failing to present the new facts on the original motion. Thus, the court improvidently exercised its discretion in granting that branch of the motion which was for leave to renew (see Robinson v Viani, 140 AD3d 845, 848; Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586).
The Supreme Court also improvidently exercised its discretion in granting leave to reargue. A motion for leave to reargue is similarly directed to the trial court's discretion and, to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied law (see CPLR 2221[d]; Barnett v Smith, 64 AD3d 669). Here, contrary to Wilmington's contention, the court, in its initial determination, did not overlook or misapprehend relevant facts or misapply the law in deciding that Wilmington had failed to meet its prima facie burden on the issue of standing, thus requiring denial of its motion (see CPLR 4518[a]; Bank of N.Y. Mellon v Cutler, 154 AD3d 910, 912). Wilmington failed to demonstrate, prima facie, that the plaintiff, which was the originator of the loan, was still the holder of the note when it commenced the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; cf. Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we reverse the order granting Wilmington leave to renew and reargue its prior motion, deny the motion, and reinstate the order dated June 3, 2015.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court