Wells Fargo Bank, N.A. v Lefkowitz (2019 NY Slip Op 02584)





Wells Fargo Bank, N.A. v Lefkowitz


2019 NY Slip Op 02584


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-05696
 (Index No. 505810/15)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Chaim Lefkowitz, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Madeline Greenblatt of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Edward Rugino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chaim Lefkowitz appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 16, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In January 2005, the defendant Chaim Lefkowitz (hereinafter the defendant) executed a promissory note in favor of RBC Mortgage Company in the sum of $152,000. The note was secured by a mortgage on residential property in Brooklyn.
After the defendant defaulted on his payment obligations, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for RBC Mortgage Company, commenced an action to foreclose the mortgage (hereinafter the first action). In an order dated May 1, 2008, the Supreme Court granted MERS's motion to discontinue the first action.
By assignment dated February 11, 2010, the mortgage allegedly was assigned by MERS to the plaintiff. On or about February 17, 2010, the plaintiff commenced an action to foreclose the mortgage (hereinafter the second action). On or about June 15, 2010, the plaintiff commenced another action to foreclose the mortgage (hereinafter the third action). By stipulations dated September 24, 2010, the second and third actions were discontinued.
On May 12, 2015, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer asserting several affirmative defenses, including the statute of limitations and the plaintiff's lack of standing. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him on the grounds that the action was time-barred and the plaintiff lacked standing. The Supreme Court denied the motion, and the defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, [*2]the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152).
Contrary to the defendant's contention, he failed to sustain his initial burden of demonstrating, prima facie, that this action was untimely. In support of his motion, the defendant submitted, inter alia, the order dated May 1, 2008, discontinuing the first action, and what appears to be a printout of the docket from the first action. The printout indicates that the summons and complaint were filed on November 1, 2007. In his reply papers, the defendant submitted a copy of the summons and complaint filed in the first action. However, a party moving for summary judgment cannot meet his or her prima facie burden by submitting evidence for the first time in reply (see Arriola v City of New York, 128 AD3d 747, 749; 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC, 114 AD3d 661, 662; Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 525).
By failing to submit a copy of the summons and complaint filed in the first action along with his initial moving papers, the defendant failed to demonstrate that the first action, which apparently was commenced on November 1, 2007, constituted a valid election to accelerate the mortgage, since there was no evidence to demonstrate that the plaintiff's predecessor in interest elected to call due the entire amount secured by the mortgage. Inasmuch as the defendant failed to meet his prima facie burden on the issue of whether the action was untimely, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"On a motion for summary judgment the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied'" (Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 523, quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 585). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 60; see U.S. Bank N.A. v Guy, 125 AD3d 845, 847). "The prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations made by the plaintiff in the pleadings" (Citibank, N.A. v Herman, 125 AD3d 587, 589; see LGF Holdings, LLC v Skydel, 139 AD3d 814, 814).
"A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (OneWest Bank, N.A v FMCDH Realty, Inc., 165 AD3d 128, 131; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
The complaint in this action alleged that the mortgage had been assigned to the plaintiff in 2010, and that the plaintiff was "the holder of the subject note and mortgage, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note." By failing to address whether the plaintiff possessed the note at the time the instant action was commenced, the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him for lack of standing, since he failed to eliminate triable issues of fact as to whether the plaintiff had standing by virtue of the physical delivery of the note prior to the commencement of this action (see Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 927; U.S. Bank N.A. v Chanin, 144 AD3d 1131; LGF Holdings, LLC v Skydel, 139 AD3d at 814-815; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 59-60). Since the defendant failed to meet his prima facie burden for summary judgment on the issue of standing, the sufficiency of the plaintiff's papers in opposition need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court