Bank of Am., N.A. v Rahl (2019 NY Slip Op 09327)





Bank of Am., N.A. v Rahl


2019 NY Slip Op 09327


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

526886

[*1]Bank of America, N.A., Respondent,
v
John Ethan Rahl, Also Known as John E. Rahl, Appellant, et al., Defendants.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Pascazi Law Offices PLLC, Fishkill (Michael S. Pascazi of counsel), for appellant.
RAS Boriskin, LLC, Westbury (Lea Lenz of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered March 30, 2018 in Ulster County, which, among other things, granted plaintiff's motion for a default judgment.
Defendant John Ethan Rahl (hereinafter defendant) executed a promissory note in the amount of $220,000 in favor of plaintiff that was secured by a mortgage on certain real property in Ulster County. After defendant failed to make timely payments due under the note, plaintiff, in September 2010, commenced this mortgage foreclosure action against him, among others. Defendant failed to answer or otherwise appear in the action. In March 2017, plaintiff moved for, among other things, a default judgment and an order of reference. Defendant opposed the motion and cross-moved for, among other things, dismissal of the complaint under CPLR 3215 (c). In a March 2018 order, Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant appeals.[FN1]
CPLR 3215 (c) provides that, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "[A] plaintiff seeking to avoid dismissal under CPLR 3215 (c) 'must demonstrate a reasonable excuse for the delay and that the cause of action has merit'" (Micheli v E.J. Builders, 268 AD2d 777, 779 [2000], quoting Thompson v Cohen, 160 AD2d 1157, 1158 [1990]).
Although defendant was in default beginning in October 2010, plaintiff did not move for a default judgment until March 2017. Plaintiff offered myriad reasons for this lengthy delay, including the need to comply with Administrative Order 431/11, the cessation of practice by plaintiff's initial counsel, a temporary moratorium on foreclosure actions due to Hurricane Sandy, plaintiff's retainer of new counsel, the withdrawal of defendant's counsel and the parties' participation in mandatory settlement conferences. Even if we were to conclude that, together, these events constituted a reasonable excuse for plaintiff's delay, the record reveals that the last event — the final mandatory settlement conference — concluded in late January 2016. Plaintiff still waited more than a year before moving in March 2017 for a default judgment. Because plaintiff failed to provide any excuse for the delay between January 2016 and March 2017, Supreme Court should have denied plaintiff's motion and granted defendant's cross motion to dismiss pursuant to CPLR 3215 (c) (see HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685-686 [2019]; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846 [2017]; see generally Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198-199 [2017], appeal dismissed 29 NY3d 1023 [2017]). In view of our determination, defendant's remaining contentions are rendered academic.
Lynch, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, plaintiff's motion denied, defendant John Ethan Rahl's cross motion granted and complaint dismissed, without prejudice.



Footnotes

Footnote 1: We have been advised that, during the pendency of this appeal, Supreme Court has entered a judgment of foreclosure and sale. However, because the March 2018 order granting plaintiff a default judgment is final, defendant's right to appeal from the March 2018 order did not terminate upon entry of the judgment of sale and foreclosure (see Ditech Fin. LLC v Levine, 176 AD3d 1521, 1522 n [2019]; BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1156 n 2 [2017]).