Wilmington Sav. Fund Socy., FS v Marrow (2026 NY Slip Op 50334(U))

[*1]

Wilmington Sav. Fund Socy., FS v Marrow

2026 NY Slip Op 50334(U)

Decided on March 16, 2026

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 16, 2026
Supreme Court, Westchester County

Wilmington Savings Fund Society, FS NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUTURED SECURITIES ACQUISITION TRUST 2018-HB1, Plaintiff,

againstJuan Marrow AKA JOHN MARROW, AS FIDUCIARY OF THE 
 ESTATE OF ELOISE WALLACE AKA ELOISE MARROW WALLACE, DECEASED; UNITED STATES OF AMERICA ACTING ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, Defendants.

Index No. 51051/2019

Greenspoon Marder LLPAttorneys for Plaintiff 
1345 Avenue of the Americas, Suite 2200 
New York, NY 10105Legal Services of the Hudson Valley 
Attorneys for Defendant1 Civic Center Plaza, Suite 506Poughkeepsie, NY 12601

Linda S. Jamieson, J.

The following papers numbered 1 to 3 were read on this motion:
Paper       
NumberNotice of Motion, Affidavits, Affirmation and Exhibit 1Affirmation in Opposition 2Affirmation in Reply 3
The Court has before it defendant Juan Marrow's motion seeking (1) to vacate the January 30th, 2025 foreclosure auction of the subject premises located at 275 Claremont Avenue, Mount Vernon, NY 10522 (the "Premises"); and (2) an Order that ownership of the [*2]property located at 275 Claremont Avenue, Mount Vernon, NY 10522 be restored to him.
The basis for the motion is that movant was never served with any of the papers in this action, and that therefore nothing that has occurred is valid. In support of his motion, he submits his affidavit, in which he states that he has been living in the Premises for the last 25 years, including at the time of his mother's death in July 2018. He further states that the summons and complaint, and all other papers in this action were not served at the Premises, but were instead purportedly served at a different address, 428 S. 1st Avenue, Mount Vernon (the "Wrong Address"). Movant asserts that although the affidavit of service says that service was effectuated on him at the Wrong Address by serving movant's brother, movant states that that is impossible, because his brother did not live at the Wrong Address by that time in 2019.
A review of the papers served in this action shows that plaintiff only ever served movant at the Wrong Address. This is puzzling at best, since at the time that plaintiff filed the complaint, movant had already filed the Petition for Probate of decedent's will. In that document, movant states, in three separate places, that his address is the Premises. Moreover, the Petition for Probate was filed in this action in December 2021, more than a year before plaintiff filed the motion for summary judgment in this action. Additionally, in his petitions for bankruptcy, movant uses the Premises address, not the Wrong Address. Yet throughout this litigation, plaintiff continued to serve movant at the Wrong Address despite the many instances in which plaintiff received documents containing his correct address (the Premises).
Because plaintiff only ever purported to serve movant at the Wrong Address, service was never actually effectuated on him. As the Court of Appeals has held, "Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court." Macchia v. Russo, 67 NY2d 592, 595 (1986). Here, service was never made on movant. See, e.g., Bank of New York v. Willis, 150 AD3d 652, 654, 55 N.Y.S.3d 63, 65 (2d Dept. 2017) ("affidavit of service indicated that the additional mailing pursuant to CPLR 3215(g)(4)(i) was made to the wrong address, and, therefore, was not sufficient to show compliance with CPLR 3215(g)(4)(i).").
Plaintiff argues that because, in the Order of Reference, the Court found that service was proper, movant may not raise the issue of improper service now. This is incorrect. At that time the Court found that service was proper based on the information provided to the Court by plaintiff; the Court merely checked the affidavit of service, and saw that service was made — but the Court did not know that the address was the Wrong Address. Now that the Court sees the evidence, however, the Court simply cannot allow an inequitable result to stand. As the Second Department has instructed, "A foreclosure action is equitable in nature and triggers the equitable powers of the court." Krupnick v. Romano, 220 AD3d 941, 942, 199 N.Y.S.3d 113, 114 (2nd Dept. 2023).
Given that service was never effectuated on movant, this foreclosure action must be dismissed. All proceedings herein are a nullity. FV-1, Inc. v. Charles, 234 AD3d 941, 942—43, 226 N.Y.S.3d 270, 271 (2d Dept. 2025) ("Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to set aside the foreclosure sale of the property.").
The motion is granted in its entirety, and the case is dismissed without prejudice. The Court notes that since movant has a contract to sell the Premises and pay off the mortgage, this appears to be the wisest course of action at this point.
The foregoing constitutes the decision and order of the Court.
Dated: March 16, 2026White Plains, New YorkHON. LINDA S. JAMIESONJustice of the Supreme Court