■ MILL FINANCIAL, LLC, et al., Appellants, v GEORGE N. GILLETT, JR., et al., Defendants, and THE ROYAL BANK OF SCOTLAND, PLC, Respondent. [53 NYS3d 49]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 12, 2016, which granted defendant Royal Bank of Scotland, PLC's motion for summary judgment dismissing the remaining cause of action, for breach of contract, against it, unanimously modified, on the law, to reinstate the claim only insofar as based on an alleged inability to refinance, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 7, 2016, which denied

plaintiffs' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendants George Gillett and Thomas Hicks each owned a 50% share of the Liverpool Football Club of the English Premier League through a series of entities. In January 2008, defendant Royal Bank of Scotland, PLC (RBS) extended loan facilities to defendant Gillett, Hicks, and certain entities through which they owned the Club to refinance the debt with which the Club had been purchased. Simultaneously, plaintiffs Mill Financial, LLC and Mill Football Holdings, PLC (collectively, Mill) made loans to Gillett Football, LLC, an entity through which Gillett owned his 50% share of the Club. Mill, RBS, and another lender also entered into an intercreditor agreement, which required them to provide prior notice to the other parties to the agreement of any action they took to enforce their applicable loan documents.

On April 16 and again April 30, 2010, RBS extended the maturity of its loan facilities, with a new maturity date in October 2010. However, pursuant to one April 16, 2010 "side letter" and two April 30 "side letters," RBS imposed conditions upon the extensions, including a public announcement that the club was for sale and appointment of an independent director to manage the sale process. RBS did not provide prior notice of the conditions, as required by the intercreditor agreement.

Eventually, the Club was sold for a sum that was insufficient to repay the Mill loan, and Mill commenced this action alleging, inter alia, breach of the intercreditor agreement against RBS. Although RBS failed to provide notice of the conditions of its forbearance to Mill, as required by the intercreditor agreement, Supreme Court concluded that its failure to do so did not cause any damages, and in any event, because Mill could not prove any diminution in the value of the Club as a result of the side letters, any damages were speculative.

Mill argues on appeal that, had it received notice of the side letters from RBS as required by the intercreditor agreement, it could have protected its interest by seizing Gillett Football's 50% interest in the Club, purchasing the Club, or refinancing the Club's debt to RBS. Supreme Court correctly concluded, however, that because RBS had a superior interest in shares of the Club, any attempt by Mill to seize Gillett Football's interest in the Club would not have protected its interest. Moreover, Mill's proposal to purchase the Club in August 2010, after it claims the value was substantially diminished by the April 2010 side letters, was unsuccessful. Thus, Supreme Court correctly concluded that its argument that it could have protected

its interest by purchasing the Club had it been given prior notice of the side letters is unavailing.

With regard to refinancing the RBS debt, although RBS may have sought a sale of the Club rather than refinancing after execution of the side letters, Mill argues that RBS was willing to accept a refinancing prior to the April letters, and had Mill received prior notice of the April letters, it could have refinanced at that time. RBS failed to address this argument. Accordingly, an issue of fact exists regarding whether the failure to provide prior notice of the April side letters foreclosed any opportunity Mill may have had prior to the side letters to refinance the RBS loan. Similarly, on appeal RBS fails to address Mill's specific argument that the effect of the side letters caused a diminution in value of the Club. Accordingly, an issue of fact exists regarding whether the April side letters contributed to a diminution in value of the Club.

Mill's appeal from the order denying reargument must be dismissed as no appeal lies from an order denying argument (*Kitchen v Crotona Park W. Hous. Dev. Fund Corp.*, 145 AD3d 521 [1st Dept 2016]). We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.