■ Street Snacks, LLC, Respondent, v Bridge Associates of Soho, Inc., et al., Appellants, et al., Defendants. [68 NYS3d 427]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered March 15, 2016, which denied defendants Bridge Associates of Soho, Inc. and Adam D. Luckner's motion pursuant to CPLR 3215 (c) to dismiss the complaint as against them as abandoned, unanimously affirmed, with costs. Order, same court and Justice, entered August 2, 2016, insofar as it denied defendants' motion to renew and to dismiss the complaint pursuant to CPLR 3211 (a), unanimously affirmed, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.

Plaintiff commenced this action in August 2009 to foreclose a mortgage on certain properties securing a loan to defendant Bridge Associates of Soho, Inc., the fee owner of one of the properties. The mortgage and note were guaranteed by defendants Midway Holdings Corp. and Adam Luckner, the president of Bridge and Midway. Over the next six years, the parties engaged in a complex course of negotiations, during which time plaintiff, by its counsel, granted defendants, by an individual who spoke for them, many extensions of time to answer the complaint.

Defendants argue that because the individual who was in contact with plaintiff's counsel was not a lawyer, he did not have the legal capacity to bind them to the extensions of time, that therefore the extensions are nullities, and that plaintiff's failure to seek entry of a default judgment for six years constitutes an abandonment of the complaint pursuant to CPLR 3215 (c).

As the motion court observed, defendants' citing of the rule that a corporation may be represented in a legal action only by an attorney is an improper attempt to use the rule as a sword, rather than the shield it was meant to be (see Jimenez v Brenillee Corp., 48 AD3d 351 [1st Dept 2008]). "[T]he rule is not intended to penalize an adverse party for the corporation's improper appearance, but is rather to ensure that the corporation has a licensed representative who is answerable to the court and other parties for his or her own conduct in the matter" (id. at 352 [internal quotation marks and citation omitted]). Defendants do not deny that plaintiff granted the extensions of time, which were requested on their behalf by an individual who had apparent authority to act on their behalf

and who is identified in the record as a vice president of Bridge, to allow them to negotiate a disposition of the property more favorable than foreclosure.

In any event, the record of the aforementioned negotiations demonstrates that plaintiff did not abandon this action, and thus shows sufficient cause why the complaint should not be dismissed (CPLR 3215 [c]; *see Ocuto Blacktop & Paving Co. v Trataros Constr.*, 277 AD2d 919, 920 [4th Dept 2000]; *Micheli v E.J. Builders*, 268 AD2d 777, 779-780 [3d Dept 2000]; *First Nationwide Bank v Pretel*, 240 AD2d 629 [2d Dept 1997]).

We have considered defendants' remaining contentions and find them unavailing.

No appeal lies from an order denying reargument (*Mill Fin., LLC v Gillett*, 149 AD3d 643, 645 [1st Dept 2017]). Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.

Motion to adjourn appeal for oral argument denied.