U.S. Bank N.A. v Nunez (2021 NY Slip Op 00515)





U.S. Bank N.A. v Nunez


2021 NY Slip Op 00515


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 850132/13E Appeal No. 12984 Case No. 2020-02080 

[*1]U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1, c/o Ocwen Loan Servicing LLC, Plaintiff-Respondent,
v
Miriam Nunez, Defendant-Appellant, Citibank, N.A., as Indenture Trustee for Certificateholders of Bear Stearns Second Lien Trust 2007-1, Mortgage-Backed Notes, Series 2007-1, et al, Defendants.


Law Office of James Jantarasami, New York (James Jantarasami of counsel), for appellant.
Greenberg Traurig, LLP, New York (Ryan Sirianni of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered December 13, 2018, which denied the motion of defendant Miriam Nunez pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, unanimously affirmed, with costs.
Pursuant to CPLR 3215(c), where a plaintiff fails to move for a default judgment within a year of the defendant's default in answering or appearing, dismissal of the action is required, either upon motion or sua sponte, except where sufficient cause is shown why the complaint should not be dismissed (see Deutsche Bank National Trust Co. v Cruz, 173 AD3d 610 [1st Dept 2019]). Sufficient cause requires "a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (id. at 610 [internal quotation marks omitted]). In a mortgage foreclosure action, the requirements of CPLR 3215(c) are satisfied by moving for an order of reference within a year of the default (see U.S. Bank N.A. v Penate, 176 AD3d 758, 760 [2d Dept 2019]).
Although plaintiff failed to timely seek an order of reference, its participation in the residential mortgage foreclosure settlement conference before the time to seek an order of reference expired and defendant's multiple repeated bankruptcies constituted a reasonable excuse for the delay (see Citimortgage, Inc. v Sahai, 172 AD3d 552 [1st Dept 2019]; cf. HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036 [2d Dept 2018]). While plaintiff did not timely seek an order of reference, plaintiff demonstrated that it did not intend to abandon the action (see Street Snacks, LLC v Bridge Assoc. of Soho, Inc., 156 AD3d 556, 557 [1st Dept 2017]; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 833 [2d Dept 2017]). Further, defendant did not dispute plaintiff's potentially meritorious cause of action or show that she would be prejudiced by the delay.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021