Board of Mgrs. of Baychester Villas Condominiums I & II v Gerald Caliendo Architects & Planners (2022 NY Slip Op 00116)





 Board of Mgrs. of Baychester Villas Condominiums I & II v Gerald Caliendo Architects & Planners


2022 NY Slip Op 00116


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 25544/17E Appeal No. 15023 Case No. 2020-04912, 2021-01565 

[*1]The Board of Managers of Baychester Villas Condominiums I & II, et al., Plaintiffs-Respondents,
v
Gerald Caliendo Architects and Planners et al., Defendants, Ely Development, LLC, et al., Defendants-Appellants. [And a Third-Party Action.]


London Fischer LLP, New York (Brian A. Kalman of counsel), for appellants.
Bronx Legal Services, Bronx (Michael Corcoran of counsel), for respondents.



Amended order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 8, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Ely Development, LLC, Stellar Development, LLC, Binesh Shavolian, also known as Joe Shavolian, Behrooz Shavolian, also known as Ben Shavolian, and Nejat Shavolian (collectively, the nonappearing defendants) to dismiss the complaint as against them, unanimously affirmed, with costs.
The motion court properly denied the nonappearing defendants' motion to dismiss the complaint as against them as abandoned based on plaintiffs' failure to seek a default judgment within one year of the nonappearing defendants' default (CPLR 3215[c]). The record demonstrates that in fact, plaintiffs never intended to abandon their action against the nonappearing defendants; on the contrary, plaintiffs granted the nonappearing defendants multiple extensions to serve an answer so that they could work to resolve issues related to their insurance coverage (see Street Snacks, LLC v Bridge Assoc. of Soho, Inc., 156 AD3d 556, 557 [1st Dept 2017]; Corbin v Wood Pro Installers, Inc., 184 AD2d 234, 234 [1st Dept 1992]). Similarly, plaintiffs indicated their intent to pursue the action against the nonappearing defendants by conducting discovery with the two appearing defendants — one of which, Shelter Rock Builders, LLC, was affiliated with the nonappearing defendants — and maintaining communications with both Shelter Rock's counsel and nonappearing defendants' counsel (see U.S. Bank N.A. v Nunez, 190 AD3d 660, 661 [1st Dept 2021]; Brooks v Somerset Surgical Assocs., 106 AD3d 624, 625 [1st Dept 2013]).
The allegations in the verified complaint and the submission of photographs showing the alleged construction defects sufficiently demonstrate that plaintiffs' claims have merit (see Smith v Arce, 78 AD3d 612, 612 [1st Dept 2010]; Hinds v 2461 Realty Corp., 169 AD2d 629, 632 [1st Dept 1991]). Further, the nonappearing defendants fail to demonstrate how they have been prejudiced by plaintiffs' delay in moving for a default judgment (id. at 632).
Defendants' arguments regarding the timeliness of the General Business Law claims and the specificity of Supreme Court's ruling regarding cross claims should be made by way of a motion before Supreme Court.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022