| **Bravo v RPH Hotels 51st St. Owner, LLC** |
|---|
| 2024 NY Slip Op 32970(U) |
| August 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159445/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**   **HON. DAVID B. COHEN** | **PART**                                      **58** |
|                                                      *Justice* | |
| ------------------------------------------------------------------------------X | **INDEX NO.**              159445/2019 |
| SEGUNDO BRAVO, | |
| Plaintiff, | **MOTION DATE**   06/20/2023, 06/28/2023, 04/25/2024 |
| - v - | |
| RPH HOTELS 51ST STREET OWNER, LLC, LHOTSE CONTRACTING CORP., LHOTSE CORP., INTERSYSTEM INSTALLATION CORP., | **MOTION SEQ. NO.**    005 007 008 |
| Defendants. | |
| ------------------------------------------------------------------------------X | **DECISION + ORDER ON MOTION** |
| INTERSYSTEM INSTALLATION CORP. | Third-Party Index No.  595282/2020 |
| Plaintiff, | |
| -against- | |
| GERALD FAST SYSTEM CORP. | |
| Defendant. | |
| ------------------------------------------------------------------------------X | |
| LHOTSE CONTRACTING CORP., LHOTSE CORP. | Second Third-Party Index No.  595083/2021 |
| Plaintiffs, | |
| -against- | |
| INTERSYSTEM S&S CORP., GERALD FAST SYSTEM CORP. | |
| Defendants. | |
| ------------------------------------------------------------------------------X | |

The following e-filed documents, listed by NYSCEF document number (Motion 005) 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 191, 195, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210

were read on this motion to/for                        JUDGMENT - SUMMARY                       .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 192, 193

were read on this motion to/for                        JUDGMENT - SUMMARY                       .

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 008) 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232

were read on this motion to/for                          SUMMARY JUDGMENT(AFTER JOINDER            .

This action arises from an accident which took place on December 11, 2018, in which plaintiff was allegedly injured while at work on a sidewalk bridge. Plaintiff began this action on September 27, 2019, alleging that defendant RPH Hotels 51st Street Owner, LLC, owner of the building around which the sidewalk bridge was built, its contractor, Lhotse Contracting Corp., and subcontractor Intersystem Installation Corp., are liable for violations of Sections 200, 240, and 241(6) of New York's Labor Law. Motion sequence number 005, 007, and 008 are consolidated herein for disposition.

In motion sequence 005, RPH moves for an order granting it summary judgment on its contractual indemnity claim against Lhotse. Lhotse opposes.

In motion sequence 007, Lhotse moves for an order granting it summary judgment on its second third-party complaint and awarding it contractual indemnity against Intersystem and a default judgment against Gerald Fast System Corp.

In motion sequence 008, Intersystem moves for an order dismissing plaintiff's complaint and Lhotse's third-party complaint against it. Lhotse opposes.

**Background**

RPH is and, at all relevant times, was the owner of the building located at 851 8th Avenue in Manhattan, which it was developing as a Hampton Inn hotel (the Premises) (complaint ¶1 [NYSCEF Doc No. 1] ¶¶9-10). On or before December 11, 2018, RPH hired defendant Lhotse, doing business under the name Trident Contracting (Lhotse/Trident), to perform roofing repair work at the Premises (RPH Statement of Material Facts ¶¶2-3 [NYSCEF Doc No. 147]).

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**        **Page 2 of 12**
 **Motion No.  005 007 008**

2 of 12

[* 2]

Plaintiff alleges that, on or about December 11, 2018, while he was employed as a laborer by Lhotse/Trident's subcontractor, Intersystem, he was struck by a wooden plank while dismantling a scaffold bridge surrounding the Premises, which knocked him to the ground and caused him severe injuries (*see* complaint ¶¶17-25; Plaintiff deposition tr at 12:17-13:6, 16:21-17:13, 18:7-11 [NYSCEF Doc No. 158]).

RPH's corporate representative testified at a deposition that RPH contracted with Lhotse/Trident to perform roof repair at the Premises and to hire any subcontractors it needed to complete the job, specifically stating that they "hired Trident to run the project" (affirmation of Matthew G. Corcoran, Esq. [Corcoran affirmation] [NYSCEF Doc No. 146] ¶11, citing Timothy Dowd deposition tr [Dowd tr] [NYSCEF Doc No. 159] at 8, 10, 12 and 18). RPH denied that it supervised any work performed in connection with the project (*id.* ¶12, citing Dowd tr at 11, 34).

At his deposition, Intersystem's corporate representative stated that Intersystem hired third-party defendant Gerald as its subcontractor to dismantle the sidewalk bridge and thus, at the time of his accident, plaintiff was employed by Gerald (*id.* ¶17, *citing* Michael Badzio deposition tr [Badzio tr] [NYSCEF Doc No. 161] at 10, 27 and 30-31).

The pertinent contracts provide as follows:

The main Contract (Prime Contract), written on an AIA standard form[1] between RPH, as "Owner," and Lhotse/Trident, as "Contractor," for "Roof Replacement" at the Premises, provides that:

> "**§ 9.15.1** To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless Owner, Architect, Architect's consultants, and the parties listed in **Exhibit F** hereto and agents and employees of any of them from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees,

---

[1] "AIA" is an acronym for the American Institute of Architects (*see* https://www.aia.org). It publishes form agreements and exhibits for use by architects, contractors, building owners, and consultants (*see* https://aiacontracts.com).

**159445/2019  BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 3 of 12**

3 of 12

*to the extent arising out of or resulting from (i) Contractor's wrongful acts or omissions in connection with the performance of the Work, (ii) breach of this Agreement by Contractor, and (iii) negligence by Contractor or its Subcontractors, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.* Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations which would otherwise exist as to a party or person described in this Section 9.15.1.

**§ 9.15.2** In claims against any person or entity indemnified under this Section 9.15 by an employee of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation under Section 9.15.1 shall not be limited by a limitation on the amount or types of damages, compensation or benefits payable by or for the Contractor or Subcontractor under workers' compensation acts, disability benefits acts or other employee benefit acts."

(Corcoran affirmation ¶19, *quoting* Prime Contract [NYSCEF Doc No. 162] [emphasis added]).

Exhibit E to the Prime Contract required Lhotse/Trident to obtain various insurance coverages, including a commercial general liability policy, written on a "primary and non-contributory basis, notwithstanding any insurance maintained by [RPH]" and to extend coverage to "Additional Insureds" under the "Commercial General Liability, Automobile, and Umbrella policies" obtained under the Agreement (*see* Corcoran affirmation ¶22 and Prime Contract). Exhibit F to the Prime Contract lists RPH as an indemnitee and additional insured, together with "each of [its] parents, subsidiaries and affiliates" (*id.* ¶21 and Prime Contract).

The Subcontract at issue (Intersystem Subcontract) is also written on an AIA standard form (*see* ex Q to Corcoran affirmation [NYSCEF Doc No. 164]), and it identifies RPH as the "Owner," Lhotse/Trident as the "Contractor," and Intersystem S&S Corp. (S&S) as Lhotse/Trident's "Subcontractor" (*id.*).

Section 4.6 of the Intersystem Subcontract provides that Subcontractor must indemnify Owner, Contractor, and certain others from "all claims, damages, losses and expenses" they incur, including attorney's fees, arising from Subcontractor's Work under the Subcontract, "but

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 4 of 12**

[* 4]

only to the extent caused by negligent acts or omissions of the Subcontractor" and any sub-subcontractors engaged to perform the Subcontractor's Work (*id.* § 4.6.1).

Section 13 specifies the Subcontractor's insurance procurement requirements. Exhibit A to the Intersystem Subcontract contains additional indemnity and insurance procurement requirements. Section 1(a) to this Exhibit, relating to indemnification, mirrors the provision in the Intersystem Subcontract, obligating the Subcontractor to indemnify only to claims and losses arising from Subcontractor's Work, and only when caused by the Subcontractor's negligent acts or omissions (*id.*).

In Section 2 of Exhibit A, the Subcontractor agrees to maintain a variety of insurance coverage, including commercial general liability, workers' compensation and employer's liability, and requires the Subcontractor to "name Contractor, Owner and all related and (sic) Indemnitees as Additional Insureds thereunder" (*id*).

On January 17, 2023, plaintiff's motion for summary judgment on the issue of liability against RPH, Lhotse/Trident and Lhotse was granted as to his claim under Labor Law § 240(1) and denied as to his claim under Labor Law § 241(6). As pertinent here, it was determined that plaintiff was injured by an unsafe elevation-related hazard for which RPH and Lhotse were strictly liable, as he was required to stand on wooden boards in the bed of a truck while dismantling a scaffold and slipped and fell when his foot slipped on a wet board (NYSCEF Doc No. 132).

**Discussion**

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. Failure to make such showing requires denial of the motion,

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 5 of 12**

5 of 12

regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). Once the movant has made its showing, "'the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do . . ..'" (*Fuller v KFG Land I, LLC*, 189 AD3d 666, 669 [1st Dept 2020], *quoting Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

In deciding a motion for summary judgment, the court must "[v]iew[] the evidence in a light most favorable" to the nonmovant (*Summer H. v New York City Dept. of Educ.*, 19 NY3d 1030, 1031 [2012] [citation omitted]). As summary judgment is a drastic remedy, it should be granted only when the movant has "'tendered sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], *quoting Alvarez v Prospect Hosp.*, 6 NY2d 320, 324 [1986]).

**Motion Sequence No. 005**

RPH's notice of motion reflects its application for summary judgment on its contractual indemnity claim against Lhotse/Trident (*see* notice of motion [NYSCEF Doc No. 145]). However, in its supporting papers, RPH expands its prayer for relief to include summary judgment on its contractual indemnity claim against Intersystem, and a judgment declaring that RPH is entitled to common-law indemnification and additional insured status from Lhotse/Trident, Lhotse Corp., Intersystem, and S&S (*see* Corcoran aff., *supra* [NYSCEF Doc No. 146]).

While CPLR 2214(a) requires that a notice of motion list "the relief demanded and the grounds therefor," and RPH's notice did not list the additional relief it requests, as opposing

**159445/2019  BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 6 of 12**

6 of 12

defendants do not argue that they were prejudiced by RPH's failure to satisfy CPLR 2214(a), the additional arguments are considered.

RPH contends that it is entitled to contractual indemnification from Lhotse/Trident, under the terms of the Prime Contract, and from Intersystem, based on the terms of the Intersystem Subcontract. Alternatively, RPH contends that it should be granted common-law indemnification from Intersystem, as RPH's potential liability for plaintiff's injuries is purely vicarious, based solely on its status as owner of the Premises, without any proof of its negligence or actual supervision. RPH further argues that the Prime Contract and the Intersystem Subcontract required that Lhotse/Trident as its contractor and Intersystem as Lhotse/Trident's subcontractor name RPH as an "additional insured" under their respective general liability insurance policies and that they failed to do so.

In opposition, Intersystem argues it cannot be bound by the terms of the Intersystem Subcontract as it was not counterparty to that agreement. Rather, S&S was the entity described in, and which executed, it (*citing* NYSCEF Doc No. 164). RPH did not reply to Intersystem's opposition.

Lhotse/Trident and Lhotse Corp. (collectively, Lhotse) argue that RPH's contractual indemnification claim fails because plaintiff's accident was not caused by any "wrongful acts or omissions" on their part, as required to trigger the indemnification provision of the Prime Contract. Lhotse also contends that, should RPH's claim for contractual indemnity against them succeed, they are entitled to a "pass through," which would impose the contractual duty to indemnify upon their subcontractor S&S, and its sub-subcontractor Gerald.

RPH submits no evidence demonstrating that Lhotse or Intersystem committed "wrongful acts or omissions" in performance of their Work as Contractor or Subcontractor, as required to

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
    **Motion No.  005 007 008**

**Page 7 of 12**

7 of 12

trigger the Prime Contract's indemnity provision (*see Estevez v SLG 100 Park LLC*, 215 AD3d 566 [1st Dept 2023] [as there was no evidence subcontractor was negligent, contractual indemnity claim asserted against it was properly dismissed]).

Moreover, S&S was the counterparty to the Prime Contract, not Intersystem. "The obligations of contracts are usually limited to the parties making them; only those who are parties to the contract are liable for its breach, and parties to a contract cannot impose any liability upon a stranger to the contract under its terms" (NY Jur 2d Contracts § 253, *citing, inter alia, Manhattan Real Estate Equities Group LLC v Pine Equity NY, Inc.*, 27 AD3d 323, 323 [1st Dept 2006] ["conclusory assertions" that nonparty was extension of defendant held insufficient to justify "departure from the general rule that nonparties to an agreement are not bound thereby"] [citations omitted]). RPH thus fails to demonstrate that it is entitled to contractual indemnity from Lhotse or Intersystem.

For common-law indemnity to apply "in the construction context," as RPH seeks in the alternative, it must show that Intersystem or Lhotse's negligence were "the actual cause of the loss" plaintiff suffered (Corcoran ¶41 *quoting Board of Mgrs. of Porter House Condominium v Delshah 60 Ninth LLC*, 192 AD3d 415, 415 [1st Dept 2021] [internal quotation marks and citation omitted]). Absent evidence of negligence by Intersystem or Lhotse, summary judgment on RPH's claim for common-law indemnification is also denied.

As to RPH's claim regarding failure to procure insurance, "'[a] party moving for summary judgment on its claim for failure to procure insurance meets its prima facie burden by establishing that a contract provision requiring the procurement of insurance was not complied with'" (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402, 404 [1st Dept 2023], *quoting Benedetto v Hyatt Corp.,* 203 AD3d 505, 506 [1st Dept 2022]). "A moving party may make that

**159445/2019 BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
Motion No. 005 007 008

**Page 8 of 12**

showing by submitting, for example, copies of the contract requiring the procurement of insurance and of correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued" (*id., citing DiBuono v Abbey, LLC,* 83 AD3d 650, 652 [2d Dept 2011]).

Here, RPH does not show that Lhotse failed to name it as an additional insured on its policies or otherwise failed to comply with the insurance provision of the Prime Contract. Accordingly, RPH's motion for summary judgment is denied in all respects.

**Motion Sequence No. 007**

In sequence number 007, Lhotse moves for summary judgment on its third-party claim for contractual indemnification against Intersystem and Gerald, and a default judgment against Gerald, which has not appeared or answered Lhotse's second third-party complaint (*see* notice of motion [NYSCEF Doc No. 166]).

The indemnification clause in Section 4.6.1 of the Intersystem Subcontract (submitted on this motion as ex M [NYSCEF Doc No. 181] to the affirmation of Christopher M. Carafora, Esq. [NYSCEF Doc No. 167]), provides:

> "To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work under the Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 4.6."

**159445/2019  BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 9 of 12**

9 of 12

Based on this provision, Lhotse concludes that, as Contractor, it is entitled to contractual indemnification from Intersystem, as its Subcontractor, and from Gerald, as its Sub-subcontractor.

However, Lhotse's counterparty to the Intersystem Subcontract is S&S, not Intersystem, and Lhotse did not identify any provision of the Intersystem Subcontract or applicable authority that would require a non-signatory such as S&S to indemnify it, even if it is an entity related to or affiliated with its Subcontractor (*see Manhattan Real Estate Equities Group LLC v Pine Equity NY, Inc.,* 27 AD3d 323 [1st Dept 2006] ["conclusory assertions" that nonparty was extension of defendant held insufficient to justify "departure from the general rule that nonparties to an agreement are not bound thereby"] [citations omitted]).

Similarly, Gerald is not identified as the Sub-subcontractor in the Intersystem Subcontract, and Lhotse does not provide a copy of Gerald's subcontract or any other documentary evidence of its terms, its breach, or even its existence.

Moreover, as Lhotse served Gerald with the second third-party complaint in March 2021, and as Gerald's default occurred in April 2021, Lhotse was required by move for a default judgment against Gerald by April 2022 (CPLR 3215[c]). As the instant motion was not filed until March 2023, Lhotse's delay requires dismissal of its claims against Gerald (*U.S. Bank N.A. v Nunez*, 190 AD3d 660 [1st Dept 2021]).

Lhotse's motion for summary judgment against Intersystem and Gerald is therefore denied.

**Motion Sequence No. 008**

In their notice of motion, Intersystem and S&S seek dismissal of plaintiff's complaint against Intersystem (NYSCEF Doc No. 215), but they do not mention plaintiff's claims against

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 10 of 12**

10 of 12

Intersystem in their papers, nor do they submit evidentiary proof in admissible form sufficient to warrant granting summary judgment in their favor. Thus, this facet of their motion must be denied, notwithstanding plaintiff's failure to submit opposition papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Intersystem and S&S's motion seeking dismissal of Lhotse's second third-party complaint is also insufficient as they do not address Lhotse's individual causes of action, except for the contractual indemnity claim.[2] As to that claim, since Intersystem is not a party to the Intersystem Subcontract, and only S&S is bound thereby, movants are entitled to dismissal of Lhotse's contractual causes of action as they relate to Intersystem on that ground.

Intersystem and S&S also contend that Lhotse's failure to present any evidence of negligent or wrongful conduct on their part is fatal to Lhotse's claims for indemnification from S&S under the terms of the Intersystem Subcontract. Lhotse argues that plaintiff's alleged injuries were solely caused by S&S and Gerald (second third-party complaint, ¶¶20, 22 [NYSCEF Doc No. 28]).

As there is no evidence of negligence or wrongdoing on the part S&S, it is entitled to dismissal of Lhotse's contractual indemnity claim against it.

However, as movants did not address the four remaining third-party claims, they are not dismissed.

**Conclusion and Order**

For the foregoing reasons, it is hereby

---

[2]     The Second Third-Party Complaint (NYSCEF Doc No. 28) sets forth five causes of action: i) common law indemnity; ii) negligence; iii) contractual indemnification; iv) breach of agreement to procure insurance; and v) breach of agreement to defend Lhotse in claims arising from work performed by S&S and Gerald under the Intersystem Subcontractor Agreement.

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**                     **Page 11 of 12**
**Motion No.  005 007 008**

ORDERED, that the motion for summary judgment by defendant RPH Hotels 51st Street Owner, LLC (seq. 005) is denied in all respects; it is further

ORDERED, that the motion for summary judgment by defendants Lhotse Contracting Corp. and Lhotse Corp. (seq. 007) is denied in all respects; it is further

ORDERED, that pursuant to CPLR 3215(c), Lhotse Contracting Corp. and Lhotse Corp.'s second third-party claims asserted against second third-party defendant Gerald Fast System Corp. are severed and dismissed, and the clerk is directed to enter judgment accordingly; it is further

ORDERED, that the motion for summary judgment by defendants Intersystem Installation Corp. and Intersystem S&S Corp. (seq. 008) is granted with respect to second third-party plaintiffs Lhotse Contracting Corp. and Lhotse Corp.'s causes of action for contractual indemnification against defendants Intersystem Installation Corp. and Intersystem S&S Corp., and is otherwise denied, and it is further

ORDERED that counsel for the parties shall appear for a trial scheduling/settlement conference on September 25, 2024, at 11:00 a.m. at 71 Thomas Street, Room 305, New York, New York.

| __8/23/2024__ | | | | | |
| DATE | | | | **DAVID B. COHEN, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159445/2019   BRAVO, SEGUNDO vs. RPH HOTELS 51ST STREET**
**Motion No.  005 007 008**

**Page 12 of 12**

12 of 12