**33 Bleecker Assoc. v 33 Bleecker St. Corp.**

2025 NY Slip Op 30456(U)

February 3, 2025

Supreme Court, New York County

Docket Number: Index No. 161465/2013

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART **11M**

-------------------------------------------------------------------------------X

33 BLEECKER ASSOCIATES

Plaintiff,

- v -

33 BLEECKER STREET CORP.,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 161465/2013

MOTION DATE 08/27/2024

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for _____ DISMISSAL _____ .

Upon the foregoing documents, defendant's motion is denied.

## Background

In December of 2013, 33 Bleecker Associates ("Plaintiff"), owner of a unit at 33 Bleecker Street, filed this underlying suit alleging that the co-op 33 Bleecker Street Corp. ("Defendant") had improperly cancelled Plaintiff's shares in the unit. Plaintiff then brought a second action against Defendant regarding a right to convert the second floor in the building to residential occupancy. The two parties agreed by email in September 2014, to suspend this action sine die during negotiations about the ground floor shares (subject of this action) and the second-floor conversion (subject of the second action). Plaintiff alleges that they then began focusing largely on the second action. The second action was resolved when Plaintiff won a summary judgment motion in June of 2022 and the parties entered into a settlement regarding the second-floor conversion that was finalized in October of 2023.

In August of 2023, Plaintiff's counsel reached out to Defendant's counsel regarding resolution of this underlying matter. Defendant then in October of 2023 filed a motion to dismiss

this suit for failure to prosecute. The parties began settlement negotiations, and this Court issued an Order stating that the "matter has been settled in principle" and that Defendant could refile if necessary. The parties have not reached an agreement to settle this matter, and in response to that failure to agree Defendant brings the present motion to dismiss for failure to prosecute. Plaintiff opposes, pointing to the sine die agreement and recent ongoing negotiations.

**Discussion**

Defendant has moved pursuant to CPLR § 3215(c), which states that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned […] unless sufficient cause is shown why the complaint should not be dismissed." Failure to offer any excuse for the delay between the expiration of time to respond and moving for default makes dismissal appropriate. *MTGLQ Invs., L.P. v. Shay*, 190 A.D.3d 527, 529 (1st Dept. 2021). Because Defendant has not responded to the complaint, the issue becomes whether or not Plaintiff has shown good cause that is sufficient under CPLR § 3215(c). When a plaintiff is opposing dismissal under CPLR § 3215(c), they are required to "proffer a reasonable excuse in the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious." *Deutsche Bank National Trust Co. v. Cruz*, 173 A.D.3d 610, 610 (1st Dept. 2019).

*Plaintiff Here Establishes a Reasonable Excuse*

Plaintiff points to the agreement to delay and the recent ongoing negotiations as a reasonable excuse. Defendant disagrees and cites to *Counsel Abstract* in its argument that the ongoing settlement negotiations are insufficient to establish good cause for the delay. But in that case, there was no agreement between the parties to extend the time to file and the settlement negotiation were "informal" and took place six years before the motion to dismiss. *Counsel*

**161465/2013   33 BLEECKER ASSOCIATES vs. 33 BLEECKER STREET CORP.**                     **Page 2 of 4**
  **Motion No.  002**

*Abstract, Inc. Defined Benefit Pension Plan v. Jerome Auto Ctr.*, 23 A.D.3d 274, 276 (1st Dept. 2005). In contrast, here there was an agreement between the parties to extend the response time sine die because of the other action, and settlement negotiations took place shortly after the final resolution of that action. Even evidence of continuing communications between a plaintiff's counsel and a defendant's insurance carrier that do not amount to ongoing negotiations can be sufficient to establish a reasonable excuse. *Laourdakis v. Torres*, 98 A.D.3d 892, 893 (1st Dept. 2012). Between the agreement to delay indefinitely and the settlement negotiations and email communications between the parties shortly after the resolution of the other action, here Plaintiff has established a reasonable excuse.

### *Plaintiff has Demonstrated That the Action is Potentially Meritorious*

A plaintiff opposing a CPLR § 3215(c) motion to dismiss must also make a showing demonstrating a potentially meritorious cause of action. *See, e.g., Board of Mgrs. of Baychester Villas Condominiums I & II v. Gerald Caliendo Architects & Planners*, 201 A.D.3d 457, 458 (1st Dept. 2022). Here, Plaintiff's claim is that their shares were illegally canceled via an email from Defendant's counsel, without any showing that Plaintiff had defaulted under the lease as required by the Bylaws or with any stated approval from the Board. They have submitted sworn affidavits from their counsel, and one of their partners, the bylaws and proprietary lease, as well as the email in question. Plaintiff has shown that their cause is potentially meritorious. Accordingly, it is hereby

ADJUDGED that defendant's motion to dismiss is denied; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

20250203131631LFRANKA1229757B92643FDBB6DFB1BCD37D23D

__2/3/2025__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

__161465/2013  33 BLEECKER ASSOCIATES vs. 33 BLEECKER STREET CORP.__          __Page 4 of 4__
__Motion No.  002__