938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp. (2025 NY Slip Op 05052)

938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.

2025 NY Slip Op 05052

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 850011/13, 595322/14|Appeal No. 4177|Case No. 2023-04586|

[*1]938 St. Nicholas Avenue Lender LLC, Plaintiff,
v
936-938 Cliffcrest Housing Development Fund Corporation, et al., Defendants.
936-938 Cliffcrest Housing Development Fund Corporation, Third-Party Plaintiff-Appellant-Respondent,
v
The Wavecrest Management Team LTD., et al., Third-Party Defendants, The Department of Housing Preservation And Development of The City of New York, Third-Party Defendant-Respondent- Appellant.

The Kurland Group, New York (Erica T. Healey-Kagan of counsel), for appellant-respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Debra A. James, J.), entered July 31, 2023, which denied the motion by third-party plaintiff 936-938 Cliffcrest Housing Development Fund Corporation (Cliffcrest) for a default judgment against third-party defendant Department of Housing Preservation and Development of the City of New York (HPD) for failure to timely answer the third amended third-party complaint, and denied HPD's cross-motion pursuant to CPLR 3215(c) to dismiss the third amended complaint against it, modified, on the law, to grant HPD's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the third amended third-party complaint against HPD.
The motion court should have granted HPD's motion to dismiss the action against it as abandoned under CPLR 3215(c) (see Wells Fargo Bank, N.A. v Gwebu, 226 AD3d 578, 578 [1st Dept 2024]). The record does not support a finding that Cliffcrest "[took] proceedings" for entry of a judgment within one year of HPD's default within the meaning of CPLR 3215(c) and Cliffcrest fails to provide sufficient cause for the delay, as required by the rule. Cliffcrest waited over five years to seek a default judgment against HPD. None of the "proceedings" it cites — Cliffcrest's responding to discovery requests, engaging in motion practice, and participating in settlement negotiations — was directed at, or pertinent to, the entry of a default judgment against HPD. Nor does Cliffcrest show that it took any relevant proceedings within one year after HPD defaulted.
The dissent relies on an argument not raised. Specifically, Cliffcrest does not contend that it demonstrated "sufficient cause . . . why the complaint should not be dismissed" (CPLR 3215[c]). Instead, Cliffcrest emphasizes that the proceedings demonstrated a lack of intent to abandon its claims. CPLR 3215(c)'s reference to "abandon[ment]," however, is merely descriptive of the statute's purpose (see id. ["dismiss[al] of the complaint as abandoned"]). Cliffcrest's general showing of lack of abandonment is therefore insufficient to prevent dismissal when not tethered to the "sufficient cause" provision as a source of authority. Otherwise, and as noted, Cliffcrest unpersuasively argues that the general litigation activities qualified as "proceedings for the entry of judgment" even though none of the proceedings identified occurred within one year of HPD's default and none were directed at a default judgment's entry.
We decline the dissent's invitation to decide this issue based on a position not argued. Similar to the dissent's concerns about the general rule purportedly resulting here, it would be manifestly "inequitable" to unsuccessful parties to decide issues based on arguments not raised. Resolving disputes in such a manner would likewise be "impractical" and an obstacle to the orderly administration of justice (cf. Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009] [though dispositive legal arguments may be raised for the first time on appeal, such arguments must indeed be "raise(d)"]; Dannasch v Bifulco, 184 AD2d 415, 416 [1st Dept 1992] [arguments actually raised, but raised for the first time in reply, should not be considered because opponent "had no opportunity to respond"]).
All concur except Moulton, and Mendez, JJ., who dissent in a memorandum by Mendez, J. as follows:

Mendez, J. (dissenting)

 Third-party plaintiff 936-938 Cliffcrest Housing Development Fund Corporation (Cliffcrest) seeks to recover damages from third-party defendant Department of Housing Preservation and Development of the City of New York (HPD) resulting from a failed rehabilitation of the property it owns, located at 936-938 St. Nicholas Avenue, New York, NY (the Building), and failed conversion of the building into a cooperatively owned Housing Development Fund corporation under Title XI of the Private Housing Finance Law.
In the underlying action, commenced in 2013, the plaintiff sought to foreclose on a mortgage obtained by Cliffcrest to convert the property. Cliffcrest answered, asserted cross-claims, and filed a third-party action against HPD and three other third-party defendants. In 2016 Supreme Court granted Cliffcrest leave to serve a second amended third-party complaint against all third-party defendants. The second amended third-party complaint sought to set aside the mortgage obtained through HPD and to recover damages, alleging fraud and misrepresentation in the procurement of the mortgage due to HPD's failure to manage the conversion and repair of the Building under the "Third Party Transfer" program. HPD answered the third-party and amended third-party complaints. On June 15, 2017, with the court's permission, Cliffcrest filed and served a third amended third-party complaint. There is no dispute that HPD failed to answer the third amended third-party complaint and was in default as of July 6, 2017.
After the filing of the third amended third-party complaint, Cliffcrest continued its defense of the underlying foreclosure action, which was dismissed on June 29, 2018, while actively litigating the third amended third-party action against HPD and the three other third-party defendants. The record is replete with proof, and HPD admits, that the parties continuously litigated the third-party action on the merits, including during the period in 2020 when, due to the Covid-19 pandemic, New York State courts were only handling essential matters, and attempted to negotiate a settlement from 2020 through 2022.
Counsel for HPD, who represented it in all aspects of this third-party action, admits that from 2018 through 2021, substantial litigation activity between the parties took place. After the third amended third-party complaint was filed and after HPD's default, Cliffcrest's and HPD's attorneys were in constant communication with each other regarding discovery and settlement. In April 2018, HPD served written interrogatories and document demands on Cliffcrest. In October 2018, HPD served written responses to Cliffcrest's discovery demands. In December 2019, HPD made a motion to compel Cliffcrest to more fully respond to HPD's discovery demands and Cliffcrest responded with its own cross-motion to compel. The motion was resolved in 2020 by the parties' stipulation. The parties regularly attended court conferences, exchanged substantial amounts of discovery - including over twelve thousand pages of documents produced by HPD - and throughout this time attempted to settle. This substantial litigation activity on the merits constitutes sufficient cause why the third amended third party complaint should not be dismissed pursuant to CPLR 3215(c). Further, this argument was addressed by Cliffcrest in its main and reply briefs, and by HPD in its main and reply briefs.
On August 23, 2022, after the court ordered all parties, including HPD, to mediation, Cliffcrest settled with the other third-party defendants, and only the claims against HPD remained. Cliffcrest subsequently filed a motion for a default judgment pursuant to CPLR 3215(a), and HPD cross-moved to dismiss pursuant to CPLR 3215(c).
Supreme Court providently exercised its discretion in denying Cliffcrest's motion for a default judgment. Although HPD answered Cliffcrest's prior amended third-party complaints, it failed to answer the third amended third-party complaint, which superseded all prior third-party complaints and was now the operative complaint in the third-party action (see NYCTL 2017-A Trust v Heirs-at-Law of John Ghiselli, 215 AD3d 427, 428-429 [1st Dept 2023]; Hummingbird Assoc. v Dix Auto Serv. Inc., 273 AD2d 58, 58 [1st Dept 2000], lv denied 95 NY2d 764 [2000]). However, Cliffcrest is not entitled to relief pursuant to CPLR 3215(a) because it and HPD actively litigated the third-party action on the merits. Furthermore, the time to enter a default judgment was one year after July 6, 2017, and Cliffcrest's motion made five years after HPD's default in answering the third amended third-party complaint was untimely (see 371-381 PAS Assoc., LLC v Moss & Moss LLP, 237 AD3d 588, 589 [1st Dept 2025]).
Supreme Court also providently exercised its discretion in denying HPD's cross-motion to dismiss pursuant to CPLR 3215(c), which states, in relevant part, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed."
HPD argues that Cliffcrest "failed to take proceedings" for the entry of judgment within a year of HPD's default, and that the third amended third-party complaint should consequently be dismissed as abandoned. Failure to "take proceedings" for entry of judgment may be excused upon a showing of sufficient cause, which requires the plaintiff to demonstrate that it had a reasonable excuse for the delay in taking proceedings for the entry of judgment and that it has a potentially meritorious action (Bank of Am., N.A. v Rice, 155 AD3d 593 [2d Dept 2017]). Cliffcrest and HPD's litigating this action on the merits for approximately five years after HPD's default is sufficientcause and demonstrates that the former did not intend to abandon the action. Supreme Court properly found, sub silencio, that Cliffcrest provided a reasonable explanation for the delay and sufficient cause to show why the complaint should not be dismissed.
The record demonstrates that Cliffcrest never intended to abandon its third-party claims because, as HPD admitted, both parties actively participated in this litigation on the merits, sought discovery from each other from 2018 through 2021, and engaged in extensive settlement negotiations through 2022 (see Board of Mgrs. of Baychester Villas Condominiums I & II v Gerald Caliendo Architects & Planners, 201 AD3d 457, 458 [1st Dept 2022]; Laourdakis v Torres, 98 AD3d 892, 892 [1st Dept 2012]). The detailed litigation activity between the parties sufficiently establishes that Cliffcrest did not intend to abandon the third-party action against HPD and fully prosecuted that action, and that it should not be dismissed for failure to take proceedings to secure a default judgment (see JPM Specialty Mtge. LLC v Khan, 161 AD3d 707, 708 [1st Dept 2018]; Brooks v Somerset Surgical Assoc., 106 AD3d 624, 625 [1st Dept 2013]).
The allegations made by Cliffcrest in the third amended third-party complaint, its attorney's affirmation, and the documents it provided in support of its motion set out a potentially meritorious claim. HPD's denials and the documents annexed to its papers merely raise triable issues of fact (see Fling v Integrity Bus. Solutions, Inc., 166 AD3d 458, 458 [1st Dept 2018]).
Moreover, a defendant may waive the right to seek a dismissal pursuant to CPLR 3215(c) by serving an answer or by taking any other steps which may be viewed as a formal or informal appearance, such as filing a notice of appearance (see One West Bank, FSB v Lara, 192 AD3d 695, 697 [2d Dept 2021]; Bank of Am. N.A. v Rice, 155 AD3d at 594), or actively litigating the action on the merits, as HPD has done here (see Wells Fargo Bank, N.A. v Martinez, 181 AD3d 470, 471 [1st Dept 2020]; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867 [2d Dept 2019]; Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910 [2d Dept 2019]). When parties engage in settlement negotiations and discovery proceedings, equity dictates that the claims should not be dismissed as abandoned pursuant to CPLR 3215(c) (see Board of Managers of Baychester Villas Condominiums I & II, 201 AD3d at 458; JP Morgan Chase Bank, N.A. v Salvage, 171 AD3d 438, 439 [1st Dept 2019]; Street Snacks, LLC v Bridge Assoc. of Soho, Inc., 156 AD3d 556, 556-557 [1st Dept 2017]; Brooks v Somerset Surgical Assoc., 106 AD3d 624, 625 [1st Dept 2013]).
Finally, HPD has failed to demonstrate that it has suffered any prejudice due to Cliffcrest's delay in moving for a default judgment, and there is a strong public policy in favor of deciding cases on the merits (Fling, 166 AD3d at 458-459, citing LaValle v Astoria Const. & Paving Corp., 266 AD 2d 28, 28 [1st Dept 1999]). HPD should not be rewarded with a dismissal of the third-party action after, by its own admission, it substantially participated in this litigation on the merits. The majority's conclusion ignores the record and creates an inequitable, illogical and impractical rule. HPD should not be allowed to use its litigation activity as a shield to prevent Cliffcrest from obtaining a default judgment and then as a sword to obtain a dismissal of the action for failure to prosecute. A party should not be allowed to lull another party into inaction through active participation in a litigation on the merits and then reap the benefits of that inaction, as HPD has done here, and as the majority endorses. The majority's conclusion sets a bad precedent which will in the future compel counsel in a similar situation to immediately "take proceedings" for the entry of a default judgment, even if the parties are litigating the action on the merits, thereby inundating the trial courts with unnecessary motions.
Accordingly, because I am of the opinion that the order denying Cliffcrest's motion for a default judgment pursuant to CPLR 3215(a) against HPD, and denying HPD's cross-motion pursuant to CPLR 3215(c) to dismiss the third amended third-party complaint should be affirmed, I respectfully dissent. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025